# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Maurice Smith-Davis,

          Plaintiff,        Case No. 25-12107

v.                            Judith E. Levy
                               United States District Judge

Michigan Department of
Corrections, *et al.*,        Mag. Judge Elizabeth A.
                                Stafford

          Defendants.

_____/

## OPINION AND ORDER GRANTING MOTION TO FILE SUR-REPLY [15] AND GRANTING DEFENDANTS' MOTION TO DISMISS [11]

Plaintiff Maurice Smith-Davis brings suit against Defendants Michigan Department of Corrections ("MDOC"), Heidi Washington, Beverly Smith, William Rogers, Andrew Lee, Damon Hawkins, Latrece Porter, Toya Williams, and Kyla Williams,[1] alleging that Defendants

---

[1] The Court notes that the case caption in Plaintiff's amended complaint also names the State of Michigan as a Defendant. The Court declines to consider the State of Michigan as a Defendant because Plaintiff does not mention the State of Michigan at any point in the body of his amended complaint. (*See, e.g.*, ECF No. 6, PageID.29–31 (stating claims against specifically MDOC and individual Defendants, but not the State of Michigan).)

discriminated and retaliated against him based on disability and religion, denied him reasonable accommodations, interfered with and retaliated against him for his use of medical leave, and deprived him of his liberty and property interests without due process. (ECF No. 6, PageID.24–29.) Plaintiff brings suit pursuant to the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA").

Before the Court is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or, in the alternative, for a more definite statement under Rule 12(e). (ECF No. 11.) Plaintiff filed a response, Defendants filed a reply, and Plaintiff moved for leave to file a sur-reply. (ECF Nos. 12, 13, 15.)

For the reasons set forth below, Defendants' motion to dismiss (ECF No. 11) is granted and Plaintiff's motion for leave to file a sur-reply is granted. (ECF No. 15.)

I.  **Background**

Plaintiff Maurice Smith-Davis is or was an MDOC employee; according to Defendants, he was a Field Services Agent.[2] (ECF No. 6, PageID.28–29; ECF No. 11, PageID.65.) The individual Defendants allegedly acted as supervisors at MDOC during the events at issue. (*Id.*)

According to the Amended Complaint, Plaintiff has ongoing health conditions and went on a six-month leave between March and October 2023 because of his health and to care for his ill child. (ECF No. 6, PageID.24–25). Plaintiff alleges that he was denied compensation and "was required to consult with a mental health specialist selected by Defendant as a condition for receiving compensation." (*Id.*) He further alleges that he is an individual with a qualified disability under the ADA and that he made repeated, documented requests for reasonable accommodations that were denied, including on December 21, 2023. (*Id.* at PageID.26, 28–29.) Plaintiff claims that, during his leave, he received an investigative report concerning alleged workplace misconduct. (*Id.* at

---

[2] The Court notes that, at the time of Plaintiff's amended complaint, he was still employed by MDOC. (ECF No. 6, PageID.28.) However, in his response brief, Plaintiff represents that he was terminated on August 26, 2025. (ECF No. 12, PageID.112.)

3

PageID.25.) After returning to work around October 2023, he allegedly experienced "hostile workplace conduct, including public humiliation, menial reassignment, retaliation, and repeated suspensions." (*Id.* at PageID.25–26.)

Plaintiff also alleges that he experienced religious discrimination in the form of harassment. (*Id.* at PageID.24.)

In February 2024, Plaintiff was allegedly wrongfully incarcerated and, as a result, suspended by MDOC without pay. (*Id.* at PageID.26.) Plaintiff includes in his amended complaint allegations regarding non-party Judge Nicole Goodson, presumably the judge in his criminal case, and claims that she "violat[ed] the judicial canons" and abused her power by ordering him to be placed in custody. (*Id.* at PageID.26–27.)

According to the amended complaint, "Defendants forged Plaintiff's signature on at least three official documents" at an unspecified time, and his supervisor did not respond to Plaintiff's "inquiry regarding a potential forgery in a professional or appropriate manner." (*Id.* at PageID.27–28.)

Plaintiff contends that his underpayment during his six-month leave, together with the alleged denial of accommodations and hostile

4

treatment, forms the ongoing discrimination and retaliation he challenges in this case. (*Id.* at PageID.29–30.)

Regarding relief, Plaintiff requests damages ("back pay, front pay, [ ] lost benefits," "compensatory damages for emotional distress, pain and suffering," "punitive damages for willful and malicious conduct") and injunctive relief. (*Id.* at PageID.32.) Regarding injunctive relief, Plaintiff only specifies that he seeks "approval of Plaintiff's ADA accommodations." (*Id.*)[3]

## II. Plaintiff's motion for leave to file a sur-reply (ECF No. 15)

On September 30, 2025, Plaintiff filed a motion for leave to file a sur-reply. (ECF No. 15.) Plaintiff's motion is granted.

However, Plaintiff's motion contains references to a "Proposed Supplemental Complaint," though this document is not attached to his motion. (*Id.* at PageID.141; *see also id.* at PageID.146 (referencing "Exhibit A – Proposed Supplemental Complaint").) To the extent

---

[3] Plaintiff, in his sur-reply, states for the first time that he seeks reinstatement as a form of injunctive relief. (ECF No. 15, PageID.144.) Plaintiff may not amend his complaint through a sur-reply. *See, e.g.*, *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) ("Plaintiffs cannot . . . amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint.").

5

Plaintiff's motion seeks to amend or supplement his complaint, the motion is denied.

A party seeking to amend a claim, when such an amendment would not be as a matter of course, "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be denied where the amendment demonstrates defects "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"Normally, a party seeking an amendment should attach a copy of the amended complaint." *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014). A motion to amend, on its own, "may be acceptable so long as it puts the opposing party on notice of the content of the amendment." *Shillman v. United States*, 221 F.3d 1336 (6th Cir.

6

2000) (Table) (quoting *Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993)).

Here, Plaintiff's motion does not put Defendant "on notice of the content of the amendment." *Id*. Without a copy of the "Proposed Supplemental Complaint," the Court is unable to determine its contents and whether such an amendment and/or supplement is appropriate.

As such, Plaintiff's motion for leave to file a sur-reply is granted. To the extent Plaintiff requests leave to amend or supplement his complaint, Plaintiff's request is denied.

## III. Defendants' motion to dismiss (ECF No. 11)

Defendants bring a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### A. Legal Standard

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Relevant here, a facial attack "questions [ ] the sufficiency of the pleading." *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (quoting *O'Bryan v. Holy See*, 556 f.3d 361, 375 (6th

Cir. 2009)). "When reviewing a facial attack, a district court takes the allegations in the complaint as true." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (quoting *Gentek*, 491 F.3d at 330). "If those allegations establish federal claims, jurisdiction exists." *O'Bryan*, 556 F.3d at 376. But "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Rote*, 816 F.3d at 387 (quoting *O'Bryan*, 556 F.3d at 376). "This approach is identical to the approach used by the district court when reviewing a motion invoking Federal Rule of Civil Procedure 12(b)(6)." *Glob. Tech.*, 807 F.3d at 810.

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A pro se complaint is entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### B. Analysis

#### i. ADA Claim

Plaintiff claims that MDOC and the individual Defendants in their official capacities violated the ADA when they denied his requests for reasonable accommodations, "assigned physically inappropriate tasks, failed to engage in an interactive process, and retaliated against Plaintiff." (ECF No. 6, PageID.29.) Plaintiff appears to request damages as well as injunctive relief in the form of approval of his request for accommodations. (*Id.* at PageID.32.)

First, Plaintiff's ADA claim for damages against Defendants must be dismissed due to sovereign immunity. ADA Title I claims against a State or state agency for money damages are barred by the Eleventh Amendment. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374

(2001). Additionally, Eleventh Amendment immunity applies to state employees who are sued in their official capacity for damages, as the individual Defendants are here. *Carten v. Kent State Univ.*, 282 F.3d 391, 398 (6th Cir. 2002).[4]

Next, Plaintiff's ADA claim for injunctive relief against the individual Defendants in their official capacities must be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Under *Ex Parte Young*, 209 U.S. 123 (1908), a plaintiff may in some circumstances pursue prospective injunctive relief against state officials in their official capacities to end a continuing violation of federal law. *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013). Here, the amended complaint asserts that he seeks "approval of Plaintiff's ADA accommodations." (ECF No. 6, PageID.32.)

Plaintiff's allegations against the individual Defendants in their official capacities are insufficient. Even under *Ex Parte Young*, "[t]he

---

[4] Plaintiff, in his sur-reply, argues that his claims against the individual Defendants are not barred by sovereign immunity because he sues them in their personal capacities. (ECF No. 15, PageID.144.) Plaintiff's argument is rejected because his amended complaint explicitly states that his ADA Claim (Count I) is "Against MDOC and Defendants in Official Capacities." (ECF No. 6, PageID.29.) Again, Plaintiff may not amend his complaint through a sur-reply. *See, e.g.*, *Bates*, 958 F.3d at 483.

state official sued, however, must have, by virtue of the office, some connection with the alleged unconstitutional act or conduct of which the plaintiff complains." *Floyd v. Cnty. of Kent*, 454 F. App'x 493, 499 (6th Cir. 2012). Plaintiff does not allege any facts connecting any individual Defendant to particular violations of the ADA. Plaintiff states very generally that each individual Defendant acted "in supervisory roles" (ECF No. 6, PageID.23), but does not identify who denied his requests for accommodations.[5]

For all of these reasons, Plaintiff's ADA claim is dismissed.

### ii. FMLA Claim

Plaintiff brings suit against MDOC for violating the FMLA. (ECF No. 6, PageID.29–30.) He claims that he "was on FMLA-qualified leave for six months and was paid for only one," and "was subject to disciplinary action and retaliation following his return." (*Id.*) According to the amended complaint, Plaintiff's "six-month medical leave" from March to

---

[5] Additionally, Plaintiff's complaint does not "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiff states that he has a "qualified disability under the ADA and made repeated, documented requests for reasonable accommodations" that were denied, but does not explain what accommodations he sought, when he sought them, and why he is entitled to them. (ECF No. 6, PageID.29.)

11

October 2023 was "directly prompted by the cumulative effects of persistent workplace harassment and the serious medical condition of his daughter." (*Id.* at PageID.25.)

Defendants move to dismiss Plaintiff's claim under the FMLA on the basis of Eleventh Amendment sovereign immunity, stating that "Defendant MDOC is immune from liability under the self-care provision of the FMLA." (ECF No. 11, PageID.73.) The Court agrees that Plaintiff's claim related to any FMLA leave taken for his own health issues are barred due to sovereign immunity. The Supreme Court has held that States and their agencies are immune from suits for money damages brought under the self-care provision. *Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30, 43–44 (2012).

However, Plaintiff claims that he also took leave to care for his daughter. Under 29 U.S.C. § 2612(a)(1)(C), the FMLA entitles employees to take up to 12 workweeks of unpaid leave per year in order to care for a child of the employee if the child has a serious health condition. This section of the FMLA is one of the three subsections known as the "family-care provision," which entitles employees to take leave to care for others in their family. The Supreme Court in *Nevada Dep't of Hum. Res. v.*

12

*Hibbs*, 538 U.S. 721, 725 (2003), held that states are not entitled to sovereign immunity with regard to claims for "money damages in the event of [a state's] failure to comply with the family-care provision" of the FMLA. As such, Plaintiff's FMLA claim related to taking leave to care for his daughter is not barred by sovereign immunity.

Regardless, Plaintiff's FMLA claim must be dismissed for failure to state a claim. Plaintiff alleges that he "was subject to disciplinary action and retaliation following his return" from leave. (ECF No. 6, PageID.30.) However, Plaintiff does not describe with particularity the acts he believes were retaliatory, nor does Plaintiff describe when these actions were taken against him or who retaliated against him.[6] Without more detail, Plaintiff's claims do not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.[7]

---

[6] Plaintiff, in his response, states for the first time that an "adverse employment action" he experienced was termination. (ECF No. 12, PageID.112.) But Plaintiff may not amend his complaint through a response. *See Bates*, 958 F.3d at 483.

[7] Additionally, his claims for damages under the FMLA related to Plaintiff's allegations that he was only paid for one month of his six-month leave must be dismissed because "[t]here is no entitlement to paid leave under the FMLA." *Becknell*

13

For the reasons set forth above, Plaintiff's FMLA claim is dismissed.

### iii. *42 U.S.C. § 1983 Claim*

Plaintiff also brings a § 1983 claim against the individual Defendants in their personal capacities, alleging that Defendants violated his right to due process and retaliated against him through "the forgery of official documents, denial of fair hearing processes, and retaliation for protected speech and conduct." (ECF No. 6, PageID.30.)

However, Plaintiff's § 1983 claim against the individual Defendants must be dismissed for failure to state a claim. The Sixth Circuit has held that "damages claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)); *see also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th

---

*v. Univ. of Kentucky*, 383 F. Supp. 3d 743, 756 (E.D. Ky. 2019). Plaintiff does not provide any other explanation for why he is entitled to paid leave.

14

Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior.").

Plaintiff does not provide any detail in his amended complaint regarding what each individual Defendant did to violate his constitutional rights. For example, Plaintiff does not describe who retaliated against him or what each individual Defendant did that was retaliatory. The Court "cannot ascribe the acts of all Individual Defendants to each individual defendant." *Heyne*, 655 F.3d at 564.

Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's § 1983 claim.

    iv. *Title VII Claim*

Plaintiff brings a Title VII retaliation claim against MDOC and his "Individual Supervisors."[8] (ECF No. 6, PageID.30.)

Plaintiff's Title VII claim against the individual Defendants must be dismissed. "Title VII actions simply may not be brought against employees and supervisors in their individual capacities." *Fisher v. Merryman*, 32 F. App'x 721, 723 (6th Cir. 2002) (citing *Wathen v. Gen.*

---

[8] The Court construes this as stating that he brings his Title VII claim against the individual Defendants in their individual capacities.

15

*Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)). Further, Plaintiff does not bring any allegation suggesting that the individual Defendants could be considered an "employer." *See Wathen*, 115 F.3d at 405.

Plaintiff's Title VII claim against MDOC must also be dismissed for failure to state a claim. According to his amended complaint, Plaintiff was retaliated against after engaging in protected activity: "filing grievances" and "reporting religious and ADA discrimination (regarding prayer observance and ADA accommodations)." (*Id.*)

With regard to Plaintiff's alleged grievances and reports on disability discrimination, these activities do not constitute protected activity under Title VII because disability is not a protected category under Title VII. *See* 42 U.S.C. § 2000e-2 (listing "race, color, religion, sex, or national origin").

As to Plaintiff's alleged grievances and reports on religious discrimination, his allegations do not contain enough factual matter to state a claim that is "plausible on its face," *Iqbal*, 556 U.S. at 678, and do not "give the defendant fair notice" of his claims. *Swierkiewicz*, 534 U.S.

16

at 512.[9] "[B]road and conclusory allegations of discrimination cannot be the basis of a complaint and a plaintiff must state allegations that plausibly give rise to the inference that a defendant acted as the plaintiff claims." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012).

Plaintiff's amended complaint does not provide essential information on these grievances and reports and, instead, contains "broad and conclusory allegations of discrimination." *Id.*; (*see* ECF No. 6, PageID.24 ("Plaintiff experienced religious discrimination while being harassed in a hostile work environment that was created and perpetuated in retaliation for submitting complaints and grievances on supervisors and their retaliatory actions like being assigned menial jobs, prolonging human resources' processes unnecessarily for Plaintiff, and being denied legitimate workplace benefits.").)

---

[9] Defendants argue that the complaint should be dismissed because Plaintiff "cannot make out a prima facie case for retaliation." (ECF No. 11, PageID.86.) Defendants misstate the standard for a Title VII retaliation claim at the motion to dismiss stage. "[P]laintiffs need not establish a prima facie case at the complaint stage." *Mustafa v. Ford Motor Co.*, 691 F. Supp. 3d 796, 802 (E.D. Mich. 2023) (citing *Charlton-Perkins v. Univ. of Cincinnati*, 35 F.4th 1053, 1060 (6th Cir. 2022)). Plaintiff need only "plead sufficient facts from which [the Court] could plausibly conclude" that he was fired for engaging in a protected activity. *Id.* (quoting *Charlton-Perkins*, 35 F.4th at 1060).

17

For example, he does not identify what was said in any grievance or report, when the grievances/reports occurred, when discriminatory actions were taken against him, to whom the grievances/reports were communicated, or what conduct Plaintiff opposed that would qualify as an "unlawful employment practice" under Title VII. Without at least some of this information, the Court cannot expect Defendants to understand Plaintiff's claims such that they have fair notice.

As such, Plaintiff's Title VII claim is dismissed.

### v. ELCRA Claim

Plaintiff brings a Michigan law ELCRA claim against MDOC and "Individual Defendants" for "discrimination and harassment on the basis of his disability, and in retaliation for opposing that discrimination." (ECF No. 6, PageID.31.)

Plaintiff's ELCRA claim against MDOC must be dismissed because MDOC is a Michigan state agency, and, absent waiver or valid abrogation, a nonconsenting State and its agencies may not be sued by private individuals in federal court. *Garrett*, 531 U.S. at 363; *Hawthorne-Burdine v. Oakland Univ.*, 158 F. Supp. 3d 586, 598 (E.D. Mich. 2016), *aff'd*, No. 16-1103, 2016 WL 11854487 (6th Cir. Nov. 3, 2016).

18

Additionally, Plaintiff's ELCRA claims against all Defendants must be dismissed for failure to state a claim because ELCRA does not prohibit discrimination because of disability. *See* Mich. Comp. Laws § 37.2102 (listing "religion, race, color, national origin, age, sex, sexual orientation, gender identity or expression, height, weight, familial status, [and] marital status").

## IV.  Conclusion

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss (ECF No. 11) and GRANTS Plaintiff's motion for leave to file a sur-reply. (ECF No. 15.)

IT IS SO ORDERED.

Dated: December 16, 2025      s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
    United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 16, 2025.

    s/William Barkholz
    WILLIAM BARKHOLZ
    Case Manager